UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PETER DAZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00615-SEB-DML |
| | ) | |
| STATE OF INDIANA, | ) | |
| RUSSELL FOWLER Dist. Deputy Commissioner, | ) | |
| NINA DANIEL District HR Manager, in their | ) | |
| official and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER DENYING DEFENDANTS' MOTION TO TRANSFER AND GRANTING DEFENDANTS' MOTION TO DISMISS

This cause of action commenced on March 15, 2021, with the filing of a Complaint by Plaintiff Peter Daza against Defendants State of Indiana, District Deputy Commissioner Russell Fowler, and District HR Manager Nina Daniel. Plaintiff, a former State employee, sued these Defendants alleging that they failed to rehire him because of his race, color, age, and political affiliation, and retaliated against him for complaining of such alleged discrimination, all in violation of Title VII of the Civil Rights Act of 1964.

Now before the Court are Defendants' Motion to Transfer and Motion to Dismiss. Defendants seek to have this case transferred to our colleague, the Honorable Jane Magnus-Stinson, pursuant to Local Rule 40-1, on grounds that it is related to *Daza v. State of Indiana*, 1:17-cv-316-JMS-MPB ("*Daza I*") and *Daza v. State of Indiana*, 1:18-cv-2951-JMS-MPB ("*Daza II*"), two other employment discrimination cases previously

1

filed here by Plaintiff, involving the same parties,[1] similar claims, and overlapping facts. Defendants also seek the dismissal of this case on *res judicata* grounds. For the following reasons, we DENY Defendants' Motion to Transfer [Dkt. 9] and GRANT Defendants' Motion to Dismiss [Dkt. 7].

## Factual Background

Plaintiff filed his first lawsuit against Defendants in our court on January 31, 2017. *Daza v. State*, 331 F.Supp.3d 810, 836 (S.D. Ind. 2018) ("*Daza I*"). In *Daza I*, he alleged that Defendants had engaged in employment discrimination based on his race, color, age, and political affiliation, resulting in his wrongful termination in retaliation for complaining about discrimination. *Id.* at 816. On August 31, 2018, Judge Magnus-Stinson entered summary judgment in favor of Defendants in *Daza I*, concluding that "[t]he undisputed evidence establish[ed] that Mr. Daza was terminated for exhibiting insubordinate behavior on repeated occasions," not for any discriminatory or retaliatory reason. *Id.* at 851.

A month later, on September 25, 2018, Plaintiff filed a second lawsuit again against Defendants, alleging that Defendants had improperly failed to rehire Plaintiff. This claim was based on the same allegations of employment discrimination and retaliation raised in *Daza I*. *Daza v. State*, 432 F.Supp.3d 860, 862 (S.D. Ind. 2020) ("*Daza II*"). Three days thereafter, on September 28, 2018, Plaintiff appealed to the

---

[1] Although not named as a defendant in this lawsuit, the State's Technology Services Director, Valerie Cockrum, was named as a defendant in *Daza I* and *Daza II*. All other parties are the same.

2

Seventh Circuit Court of Appeals the ruling in *Daza I* as to two issues: discrimination and retaliation based on his political activities and affiliation. *Id.*

Another of our colleagues, the Honorable James R. Sweeney II, was originally assigned Plaintiff's *Daza II* case. On December 6, 2018, Defendants filed a Motion to Transfer *Daza II* to Judge Magnus-Stinson, pursuant Local Rule 40-1(d) and (e). [*Daza II* Dkt. 7.] On May 15, 2019, Judge Sweeney granted Defendants' Motion to Transfer, [*Daza II* Dkt. 29], but noted that it was "not entirely clear" that L.R. 40-1(e) was applicable to *Daza II*, given that *Daza I* was then a closed case (though at the time on appeal). *Id.* Noting that "Plaintiff [had] raised the underlying facts of [*Daza II*] . . . as evidence in [*Daza I*]," Judge Sweeney concluded, in the interest of precluding a potentially "impermissible collateral attack on [*Daza I*]," that "the principles of judicial efficiency and comity at the heart of L.R. 40-1(e) weigh[ed] in favor of transfer." *Id.*

After *Daza II's* transfer to Judge Magnus-Stinson, Magistrate Judge Matthew P. Brookman issued a stay in the case on May 17, 2019, pending a decision in the *Daza I* appeal, noting that *Daza II* appeared to be materially identical to *Daza I*. *Daza II*, 432 F.Supp.3d at 862. On October 24, 2019, the Seventh Circuit affirmed the district court's grant of summary judgment in *Daza I* (*Daza v. Indiana*, 941 F.3d 303 (7th Cir. 2019)). Subsequently, *Daza II* was reopened on the District Court docket, and on January 10, 2020, Judge Magnus-Stinson again granted summary judgment in Defendants' favor. In her order, Judge Magnus-Stinson found that Plaintiff's claims were barred both by the doctrine of *res judicata* as well as a failure to exhaust administrative remedies, given that Plaintiff had not formally reapplied for his job before filing his second lawsuit. *Daza II*,

3

432 F.Supp.3d at 869, 872. Judge Magnus-Stinson specifically noted as follows: "Mr. Daza and his counsel are strongly cautioned that they should now consider any claims Mr. Daza had against Defendants related to his termination or his efforts to be reinstated to have been fully and fairly litigated." *Id.* at 875. On February 7, 2020, Plaintiff appealed the district court's summary judgment ruling in *Daza II* to the Seventh Circuit of Appeals. [*Daza II* Dkt. 41.]

On March 25, 2021, Plaintiff filed yet another lawsuit against Defendants—the one before us here—alleging that, Plaintiff formally reapplied for his prior job with the State on three separate occasions in February 2020, March 2020, and "the Fall of 2020," and that Defendants each time unlawfully refused to interview or rehire him for that position, despite Mr. Daza's "former supervisor" at some point having "stated that he wanted to rehire Daza in order to get Daza's good work performance for the benefit of the State." (Compl. at 5.) Plaintiff alleges that by failing to interview and rehire him, Defendants "failed to correct the discrimination and retaliation against Daza" previously litigated in *Daza I* and *Daza II*. *Id.* On May 14, 2021, Defendants filed their pending Motion to Dismiss [Dkt. 7], and on May 26, 2021 their pending Motion to Transfer [Dkt. 9] this matter to Judge Magnus-Stinson and Magistrate Judge Brookman.

On June 23, 2021, the Seventh Circuit Court of Appeals affirmed the district court's grant of summary judgment in *Daza II* on *res judicata* grounds. *Daza v. Indiana*, No. 20-1209, 2021 WL 2562308 (7th Cir. June 23, 2021).

4

## Legal Analysis

Defendants' motions are based on Local Rule 40-1(e) and Federal Civil Rule of Procedure 12(b)(6), which we address and resolve below.

### I. Motion to Transfer

Local Rule 40-1(e) provides that "[w]hen the court determines that two cases are related, the case filed later may, in the court's discretion, be transferred to the judicial officer handling the earlier-filed case." The determination of whether two cases are related is governed by Local Rule 40-1(d), which defines a related action as one in which a "party's case and another *pending* case . . . arise out of the same transaction or occurrence . . ." (emphasis added). The decision to reassign a case "is within the Court's discretion and is not automatic even when the cases are related." *Rock v. Nat'l Collegiate Athletic Ass'n*, No. 1:12-cv-1019-JMS-DKL, 2014 WL 4722527 at *3 (S.D. Ind. Sept. 23, 2014).

In analyzing whether a case is appropriate for transfer, we look to determine whether it "arise[s] out of the same transaction or occurrence" as another pending case. L.R. 40-1(d)(2)(A). Because both *Daza I* and *Daza II* are closed matters on this court's docket based on the rulings of the Seventh Circuit's opinions affirming Judge Magnus-Stinson's summary judgments, it is clear that there currently is no related case pending on the docket of our court. Accordingly, Defendants' Motion to Transfer is DENIED.

### II. Motion to Dismiss

Defendants seek the dismissal of Mr. Daza's claims based on the affirmative defense of *res judicata* grounds. Fed. R. Civ. Pro. 8 and 12(b)(6); *see Muhammad v.*

5

*Oliver*, 547 F.3d 874, 878 (7th Cir. 2008) (noting that *res judicata* is an affirmative defense and a proper basis for a motion to dismiss). *Res judicata*, or claim preclusion, prohibits parties from "relitigating issues that were or could have been raised" in a previous action that was resolved on its merits. *See Highway J Citizens Grp. v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006). An affirmative defense of *res judicata* has three elements: "(1) an identity of the parties or their privies; (2) an identity of the cause of action; and (3) a final judgment on the merits in the earlier action." *Johnson v. Cypress Hill*, 641 F.3d 867, 874 (7th Cir. 2011) (quoting *Prochotsky v. Baker & McKenzie*, 966 F.2d 333, 334 (7th Cir. 1992). "A cause of action means a single core of operative facts which give rise to a remedy." *Id.* (internal quotations omitted).

In comparing the claims advanced in the complaint before us with the prior claims, the first element of *res judicata* is clearly satisfied since both Mr. Daza and Defendants were the same parties involved in *Daza I* and *Daza II*. The third element is also met, given that *Daza I* and *Daza II* culminated in summary judgments in favor of Defendants on the employment discrimination issues, which rulings were upheld on appeal.

Regarding the second *res judicata* element, despite Mr. Daza's attempt to carve out as separate the facts relating to his reapplication for his old job, this claim is also identical to those raised in *Daza I* and *Daza II*, since it is based on the same exact same facts of discrimination and retaliation adjudicated in *Daza I* and *Daza II*. (Compl. ¶ 6-18.) Mr. Daza's demand for relief is also identical: he seeks "back pay and benefits . . . [and] reinstatement." No entitlement to such relief arises beyond the factual basis underlying *Daza I* and *Daza II*.

Mr. Daza apparently believes that this claim is not foreclosed by the prior adjudications since he maintains that he was discriminated against when he formally reapplied for his prior job. His position, however, is premised on a misreading of the court's decision in *Daza II*. It is true that the court held that, due to his failure to exhaust administrative remedies, "Mr. Daza's discrimination and retaliation fail as a matter of law for the . . . independent reason that he has not presented any evidence that he applied for the . . . position," the court also expressly ruled that his claims *additionally* were "barred by the doctrine of res judicata . . ." *Daza II*, 432 F. Supp. 3d. at 873. Mr. Daza's belated exhaustion of his administrative remedies did not resuscitate his otherwise precluded claims.

The only new fact that Mr. Daza alleges in the case at bar that was not specifically covered in *Daza I* or *Daza II* is that Defendants failed to rehire him after he formally reapplied for his prior position. [Compl. ¶ 35-38.] But the Seventh Circuit has explained that "the fact that an employee continues to argue an employment decision does not make the [discharge] any less final. . . . Any other holding would mean that a plaintiff could always resuscitate a stale claim [of discrimination] by asking for reconsideration." *Dugan v. Ball State Univ.*, 815 F.2d 1132, 1135 (7th Cir. 1987). Mr. Daza's gambit in advancing this Title VII claim is unavailing where "a failure to rehire subsequent to an allegedly discriminatory firing, absent a *new and discrete act of discrimination* in the refusal to rehire itself, cannot resurrect the old discriminatory act." *Kao v. Sara Lee Corp.*, No. 92 C 7311, 1995 WL 453025 at *4 (N.D. Ill. July 28, 1995) (quoting *Burnam v. Amoco Container Co.*, 755 F.2d 893, 894 (11 Cir. 1985)) (internal quotations omitted).

Mr. Daza has not identified any new or discrete act of discrimination or retaliation that would justify this third bite at the apple. Rather, he alleges only that in failing to interview or rehire him on any of the occasions in 2020, "Defendants failed to correct the discrimination and retaliation against [him]" that was litigated in *Daza I* and *Daza II*. Compl. at 5. The decisions in *Dava I* and *Daza II* did not conclude with findings of discrimination and retaliation in need of "correction." In any event, as the Seventh Circuit has recognized "[a]n employer's refusal to undo a discriminatory decision is not a fresh act of discrimination." *Lewer v. Nw. Univ.*, 979 F.2d 552, 556 (7th Cir. 1992). To the extent that any of his allegations of discrimination or retaliation can be construed as separate from the core operative facts of *Daza I* and *Daza II*, they reflect only "'labels and conclusions'" and a "'formulaic recitation of the elements of a cause of action'" that do not meet the pleading standards of Federal Rule of Civil Procedure 8(a)(2). *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Mr. Daza and his counsel were previously cautioned by the District Court in *Daza II* that they should regard "any claims Mr. Daza had against Defendants related to his termination or his efforts to be reinstated to have been fully and fairly litigated." *Daza II*, 432 F. Supp. 3d at 875. The Seventh Circuit, in its opinion affirming the District Court judgment, also wrote: "That should have been the end of things, but it was not." *Daza*, 2021 WL 2562308 at *1. We share this view and restate the warnings: claim preclusion bars Mr. Daza's claims here and requires their dismissal. Hopefully, the third time will be the charm.

8

**Conclusion**

For the foregoing reasons, Defendants' Motion to Transfer [Dkt. 9] is <u>DENIED</u> and Defendants' Motion to Dismiss [Dkt. 7] is <u>GRANTED WITH PREJUDICE</u>. Final judgment shall be issued accordingly.

IT IS SO ORDERED.

Date: 11/4/2021

*[Signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael J. Blinn
INDIANA ATTORNEY GENERAL
michael.blinn@atg.in.gov

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@cgglawfirm.com